*130 Opinion op ti-ie Court, by
Ch. J. Boyle.
THIS was an action of assumpsit. Three counts are laid in the declaration. The two first are general counts for the price ofa horse sold and dclivered,by the *131 . . to _ tiwNiéfferidant. The "third count in sob-' , 1|Sa^rdí(hll'^eíStót'-iihfe' defendant, in consideration ■ Hfat delivered to him ahorse, of the■^al&e^óf;^0Ú|;so]d and transferred to the plaintiff, in P^íheíá'f&f-’thé''horse, a note'which he held ugo'n' one sM&eylfdr the sum of $220; that the; plaintiff- having %ugbtsuit in.the name of the defendant oh _4=ai,d‘ note, Hietíovér'éd judgment against Sorency,. he, ip»e:\said ticiy, died,' ánd his executrix tiled her bill in chineé-gainst tlié’defendant, to be relieved from thé fá?id ;mentj oh the ground that the note was given for a l^ftilfig'bohfeide'fat'ion; that on a final hearing thereof, t$#jpdgmentat law was decreed to j6’i4efiy and the defendant forever réstrained from, cob listingány'part thereof, whereby the consideration giv--érfby the defendant had wholly failed, and he beckme «hereby-liable to pay - to the plaintiff the surn of two Khridred dollars, and being so liable, &c.
note without assignment &' T~n claim nothing; against the ground 0t; contract,
T[)(j pon„ic,, era{;on for the sale of a pre3™(i ;n note; itistho “S1'4 *3 tlie passerby the contract to the purchas-gouted-* consequently, it, .cannot be thing’shall be recovered on ation 0f {¡10 sale of it has. faiieci’
, ^'T'he defendant pleaded the general issue and the me of‘limitations. Ou the Inal in the circuit court, tñi’pláintitf proved by a witness, that he sold to the de-feifent a horse,-worth, in fhe opinion of the 'witness, about seventy dollars, for anote or the benefit of anote thereto Suit, on Sorency, a part of which Had been paid; aírtf that the note, as the witness understood, was given for- a gaming consideration, and that fact known tó the plaintiff at the time of the contract. The plaintiff then produced in evidence, the records of the suit and. judgment at law, in the name of the defendant against So-renCy, upon a note for §‘220, with a credit endorsed the-reon of.$l 13, and of a suit in chancery brought by the executrix of Sorency, against the defendant, in which there was a final decree, perpetually enjoining the judgment at law, upon the ground that the note was given for a gaming consideration. On this evidence, the jury found a verdict for the defendant, and the plaintiff thereupon moved the court for a new trial; but ■the court overruled the motion, to which the plaintiff excepted, and "a judgment being rendered, against him. upbn the verdict, he has appealed to this court.,, „
We have no hesitation in affirming the decision of circuit court. ■ ’ _
The’'’defendant could be made liable’only,on the. score'-of’fr'aud or of contract. On the score of fraud, even it liad been committed by the defendant, the plain *132 tiff could not recover in this action, 'because it is found’ upon contract, and not upon fraud. -'Ru;t;iñ...truth, there is no pretence to charge the defendant with’the commission of -fraud in the sale of the note; for the plaintiff kriew, at the time he contracted for it, that its consideration was an illegal one.
Upon the score of contract, there is, we apprehend, as litfll, ground for supposing the defendant'liable. ThéVe is no proof of an express contract, on the paríji¿>f the defendant, to warrant the payment of the note'jlgtd from the nature of the transaction, it is plain that vile law cannot raise an implied contract to thaf dffdet. Where a note is sold without fraud and without an-'assignment, and (here is no express agreement that (he seller shall’ be responsible, the fair and rational presumption is, that it is the intention of the parties that the purchaser shall run the risk of the payment of the note by the person bound by it;' and certainly the law cannot imply a promise or contract op the part of the seller of the note, contrary to the intention of the parties to the transaction.
In general, the purchaser of a note in this way; gives less for it than its nominal amount, as was the 'case m this instance, if, therefore, he gets the money from'thc payor of the note, he is a gainer, and if he fails to get the money of the payor, and is allowed to recover back the price he gave for the note, he is no loser. On the other hand, the seller of the note must be a loser if the money is paid by its maker; and if the money is not paid, and he is accountable for the price he received, he cannot be a gainer. A rule, then, which would thus operate to the exclusive advantage of one party, and to the prejudice of the other, cannot be equitable; for equity is equality, and requires that he who is to receive the gain, ought to sustain the loss; qui sentit cmnmodum sentiré debet et onus.
' The idea that there is a failure of consideration in such a case, because the note is not paid, is incorrect. The consideration for the price which 'the seller receives, is, his interest in the note, and not the payment of the money by the maker of the note. The consideration is, therefore, an executed'and notan executory consideration, and cannot fail.
Judgment affirmed with costs.'